# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Engineering Solutions & Products, LLC ) ASBCA No. 58633
)
Under Contract No. 000000-00-0-0000 )

APPEARANCES FOR THE APPELLANT: Richard L. Moorhouse, Esq.
Ryan C. Bradel, Esq.
Greenberg Traurig, LLP
McLean, VA

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
Kyle E. Chadwick, Esq.
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PAUL ON THE GOVERNMENT'S PARTIAL MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT

This is a timely appeal of a contracting officer's (CO's) decision denying appellant Engineering Solutions & Products, LLC's (ESP's), claim in a total amount of $3,317,728.88. The Army filed a partial motion to dismiss for lack of jurisdiction alleging that the claim arises out of a Blanket Purchase Agreement (BPA) not a contract, and in any event the BPA was issued by the Department of the Treasury and not the Army. The Army also moves for partial summary judgment alleging there is no evidence of an implied-in-fact contract with the Army. ESP filed an opposition brief, the Army filed a reply brief, and ESP filed a sur-reply to which the Army objects in part. We deny the motions.[1]

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. As stated in its pleadings, ESP provides engineering, technical, and consulting services primarily to the Department of Defense (DoD) at various locations in the United States, as well as overseas (compl. ¶ 5). Among its core services, ESP provides acquisition management services, contractor logistics support services, program analysis support services, and business process change software services

---

[1] Regarding the government's motion for partial summary judgment, or, in the alternative, to dismiss Count I of ESP's complaint; there is simply not enough record evidence to grant the motion to dismiss. Therefore, we deny the motion.

under contracts with the Army, as well as competitively-awarded task orders. In addition, ESP supports various DoD agencies, allied militaries, and foreign military sales. (*Id.* ¶ 6)

2. In April 2003, ESP responded to a solicitation issued on behalf of the Army's Project Manager Soldier Equipment activity (PM SEQ) under the auspices of FedSource-Beaufort, a Treasury Department ordering activity. ESP's proposal included the lease of renovated storage space at a location in Haymarket, Virginia. ESP's proposal was accepted and it was awarded at least one task order to satisfy the indicated requirements of the Army. The original lease was executed in June 2004 between ESP and its then-lessor, PDH, LLC. In August 2004, a military Interdepartmental Purchase Request was issued by which the Army transferred funds in excess of $2 million to FedSource-Beaufort for the lease and maintenance of the storage facility (gov't br. at 5). Later, ESP entered into a new lease with First Potomac Realty Trust (FPRT) for the same requirement of 123,777 square feet. (Compl. ¶¶ 8-12) In October 2005, PM SEQ approached ESP and asked it to expedite the acquisition of a significant amount of additional space at the Haymarket facility. Representatives of PM SEQ, ESP, and ESP's lessor, FPRT, met on several occasions to discuss the additional space requirements. Subsequently, ESP renegotiated its lease with FPRT to increase the total amount of leased space at the Haymarket facility to 236,082 square feet. The terms of the re-negotiated lease provided for a ten-year term with a termination date of 31 March 2017. Because of concerns that the Army's requirements for the Haymarket facility might not extend for the entire lease period, ESP negotiated zero rent for years eight to ten of the lease's term. The parties (FPRT and ESP) also negotiated an early termination provision whereby ESP would not pay rent beyond year six of the lease if it gave timely notice of termination by 30 June 2012, paid an early termination fee of $600,000, and also paid the full rent for year six of the lease term which ended on 31 March 2013. (*Id.* ¶¶ 15-19)

3. After ESP's initial task order expired, a number of firms succeeded one another as the prime contractor with PM SEQ. Thus, ESP acted as a subcontractor to provide the Haymarket space to the Army. At the time when ESP filed its complaint, the prime contractor was Engility Corporation which operated under Contract No. W91CRB-11-C-0074 with the Army. ESP's subcontract with Engility had a performance period extending from 24 March 2011 through 23 September 2012. In early January 2012, Engility advised ESP that the Army intended to vacate the Haymarket facility by 23 March 2012. As a result, ESP submitted two invoices to the Army through Engility for reimbursement of its early termination costs. The first invoice was for the cancellation fee of $600,000, plus general and administrative expenses, in a total amount of $638,400. The second invoice was for the total amount of rent for year six, plus general and administrative expenses, in a total amount of $4,186,128.99. The Army rejected the invoices. (Compl. ¶¶ 20-22, 25, 28-29)

2

4. On 6 December 2012, ESP filed a certified claim for the amounts at issue; and, in a final decision issued on 5 April 2013, the CO denied the claim in its entirety (compl. ¶¶ 30, 33).

5. In its motion, the Army disputes many of the material facts set forth in ESP's complaint. For example, it contends that it did not direct ESP in October 2005 to expand significantly its Haymarket facility. Rather, Army personnel simply expressed an "interest" in using more space should it become available. (Gov't br. at 2)

6. The Army also contends that the early termination fee cited by ESP was actually removed from the prime contract during contractual negotiations (gov't br. at 3). The Army argues that ESP and its landlord signed an amended lease agreement which doubled the amount of space at the Haymarket facility. This agreement also committed ESP to an additional lease term of ten years, through March 2017; however, ESP was obligated to pay only taxes and expenses–and no lease rent-after March 2014. (*Id.*)

7. The Army contends that none of its representatives either saw the amended lease agreement or knew of its terms before ESP signed it. It also alleges that no Army representative agreed to form a contract relating to the Haymarket facility. Finally, the Army alleges that it vacated the facility in March 2012 and that it did not need to terminate a contract, as the prime contract for the facility had already expired. (Gov't br. at 3)

8. In its "STATEMENT OF GENUINE ISSUES OF MATERIAL FACT," ESP disputes most of the Army's factual narrative. Bolstering its arguments with sworn deposition testimony, ESP alleges that key Army officials did, indeed, direct it to expand the Haymarket facility. (App. br. at 12-13) ESP also disputes the Army contention that its officials did not know of the terms of its lease agreement, attributing knowledge of the lease to at least three governmental officials (*id.* at 13-14). ESP also contends that Army representatives were aware of the amended lease agreement (*id.* at 14). ESP concludes that "summary judgment cannot be granted when such core factual issues remain in dispute" (*id.* at 16).

## DECISION

It is well settled that a grant of summary judgment is appropriate only where the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987); *Proveris Scientific Corp. v. Innovasystems, Inc.*, 739 F.3d 1367, 1371 (Fed. Cir. 2014). Here, the parties' factual positions are the legal equivalent of ships passing in the night. Indeed, they dispute almost every key material fact. Moreover, with respect to ESP's claim that it entered into an implied-in-fact contract with the Army,

3

it need only make a non-frivolous allegation in this regard to overcome the Army's jurisdictional contentions. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011). ESP has met this burden. Under these circumstances, a grant of summary judgment would be inappropriate.[2]

## CONCLUSION

The motion is denied.

Dated: 13 May 2015

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58633, Appeal of Engineering Solutions & Products, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[2] We deny the Army's motion to strike portions of ESP's sur-reply brief.

4